**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAMI GEBHARD, | No. 17-35055 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00487-JE |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
John Jelderks, Magistrate Judge, Presiding

Submitted May 9, 2018[**]
Portland, Oregon

Before: RAWLINSON and CHRISTEN, Circuit Judges, and GARBIS,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

Appellant Tami Gebhard (Gebhard) appeals the district court's order affirming the denial of social security benefits. Gebhard contends that *res judicata* barred the ALJ's determination that her mental impairments were not severe. Gebhard maintains that the ALJ failed to properly weigh the medical opinions supporting a determination that she was disabled, and did not provide sufficient reasons for rejecting her symptom testimony. Gebhard further asserts that the ALJ erred in failing to consult a vocational expert (VE).

The ALJ was not required to determine that Gebhard suffered from a severe mental impairment premised on medical opinions submitted in support of her prior unsuccessful application. *See Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009), *as amended* (explaining that "[n]ormally, an ALJ's findings that a claimant is not disabled creates a presumption that the claimant continued to be able to work after that date") (citation and internal quotation marks omitted). In determining that Gebhard was not disabled, the ALJ relied on the opinion of a medical expert, who reviewed the entire medical history concerning Gebhard's mental condition and determined that Gebhard did not suffer from a severe mental impairment. Additionally, the prior medical opinion relied on by Gebhard did not support a finding that she suffered from a disabling impairment.

2

The ALJ did not err in rejecting testimony from a consultative medical examiner that Gebhard had limitations associated with fingering and raising her left arm based on the opinion of a nurse practitioner. The ALJ observed that, contrary to the consultative examiner's testimony, there was no medical evidence that Gebhard suffered from carpal tunnel syndrome. The ALJ correctly concluded that there were no objective medical tests supporting these limitations, and Gebhard confirmed that she did not have carpal tunnel syndrome.

The ALJ provided the requisite germane reasons for affording only "some weight" to the opinion of a nurse practitioner stating that Gebhard was not capable of fully performing sedentary exertion. *See Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (explaining that "an ALJ may give less deference" to those "not within the definition of acceptable medical sources . . . if the ALJ gives reasons germane . . . for doing so") (citation and internal quotation marks omitted). The ALJ reasonably concluded that the functional limitations questionnaire completed by the nurse practitioner lacked any supporting physical examinations or testing indicating that Gebhard was limited to restricted sedentary exertion.

The ALJ provided specific and convincing reasons for finding Gebhard "not entirely credible." The ALJ's decision was supported by Gebhard's daily activities reflecting that she could perform at least sedentary work, her inconsistent

testimony regarding the reason she was dismissed from her prior employment, the lack of supporting medical evidence, and the fact that she sought work while collecting unemployment benefits. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. . . .") (citation omitted); *see also Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017), *as amended* ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination . . .") (citation omitted); *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Continued receipt of unemployment benefits does cast doubt on a claim of disability, as it shows that an applicant holds [herself] out as capable of working. . . .") (citation omitted).

Finally, the ALJ did not err in failing to consult a VE because Gebhard did not demonstrate "sufficiently severe" non-exertional limitations that "significantly limit[ed] the range of work permitted by [her] exertional limitations." *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007).

**AFFIRMED.**